# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50702
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 11, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BENITO SALINAS VALERIO,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CR-196-1

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Benito Salinas Valerio pleaded guilty, without a written plea agreement, to one count of possession with intent to distribute at least 500 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). He challenges his within Sentencing Guidelines sentence of 327-months' imprisonment,

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

asserting the district court erred by applying a two-level sentencing enhancement pursuant to Guideline § 3B1.4 (use of a minor).

Guideline § 3B1.4 provides for the enhancement "[i]f the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense". U.S.S.G. § 3B1.4. Salinas contends this enhancement was erroneously applied because his infant son was "merely present" during his commission of the offense and the evidence did not show that his son's presence was a planned diversionary tactic.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). As noted, only a claimed procedural error is at issue.

Whether defendant "used or attempted to use a minor to assist in avoiding detection within the meaning of § 3B1.4 is a conclusion of law that [is] review[ed] *de novo*, while any findings of fact made in support of that determination [is] review[ed] for clear error". *United States v. Mata*, 624 F.3d 170, 175 (5th Cir. 2010) (per curiam) (italics added) (citation omitted). "A factual finding is not clearly erroneous so long as it is plausible in [the] light of the record as a whole." *Id.* at 173 (internal quotation marks and citation omitted).

"To trigger the [§ 3B1.4] enhancement, a defendant must take *some affirmative action* to involve the minor in the offense because the mere presence of a minor at the scene of the crime is insufficient." *United States v. Powell*, 732 F.3d 361, 380 (5th Cir. 2013) (emphasis in original) (internal quotation marks and citation omitted). The enhancement applies "when a defendant makes a decision to bring a minor along during the commission of a previously planned crime as a diversionary tactic or in an effort to reduce suspicion". *Id.* (internal quotation marks and citation omitted). But "[i]t is not the case that every defendant who brings a minor child along while smuggling drugs is subject to the enhancement". *Id.* (internal quotation marks and citation omitted). "Rather, district courts should consider additional circumstantial evidence to determine whether the defendant used the minor to avoid detection." *Id.* (internal quotation marks and citation omitted). And, "where additional circumstantial evidence tends to confirm that the defendant brought the minor along as a decoy and to avoid detection, the § 3B1.4 enhancement is warranted". *Mata*, 624 F.3d at 177 (citation omitted).

Salinas took affirmative action to involve his nine-month-old son in the offense by choosing to take him to a preplanned drug deal instead of leaving him behind. *See Powell*, 732 F.3d at 380 (citations omitted). Further, there is circumstantial evidence supporting the finding he brought his infant son along in order to avoid detection, including Salinas' use of a child's bag to transport the methamphetamine. *See Mata*, 624 F.3d at 177 (citation omitted).

AFFIRMED.